**In re GENERAL ELECTRIC CAPITAL CORPORATION, Relator.**

No. 05–0482.

Supreme Court of Texas.

Sept. 22, 2006.

James R. Nelson, Tania Hepfner Conroy, DLA Piper Rudnick Gray Cary US LLP, Shelby Bush, Dallas, for relator.

Marc H. Richman, Jon A. Haslett, Law Offices of Marc H. Richman, Dallas, for real party in interest.

PER CURIAM.

In this mandamus proceeding, we consider whether a party, who did not receive notice of a jury demand, nevertheless waived its contractual right to a non-jury trial by failing to notice that the case had been moved to the jury docket. When the party finally noticed that the case was no longer on the non-jury docket, it moved to strike the jury demand, but the trial court denied the motion. We conclude that the trial court abused its discretion in refusing to enforce the jury waiver because the contractual provision was not proven to be invalid nor impliedly waived by the knowing conduct of the party seeking its enforcement.

Neal C. Small executed a $2,700,000 promissory note payable to General Electric Capital Corporation to finance the purchase of a jet, and NCS Lear, Inc. executed a guaranty. Both the note and the guaranty contained jury waiver provisions. Years later, Small defaulted on the note. General Electric thereafter repossessed

the jet and sued Small and NCS Lear for $1,408,878.74, the balance of the debt.

General Electric requested a non-jury trial in its original petition, attaching copies of the note and guaranty to document the jury waiver, and the case was set on the non-jury docket. Several months later, Small filed a jury demand and paid the jury fee; however, General Electric claims it did not receive notice of this demand. Thereafter, the case was twice reset for trial, and each time the trial court sent a form letter to the parties, indicating that the case was on the jury docket. After about ten months, General Electric finally noticed that its case was not on the non-jury docket. After confirming that this was not a clerical mistake, General Electric moved to strike Small's jury demand, claiming that it had not been given notice. When the trial court refused to return the case to the non-jury docket, General Electric sought mandamus relief, but the court of appeals also declined to enforce the jury-waiver provision.

■ General Electric claims that it is entitled to enforce its contractual jury waiver because Small failed to serve notice of his jury demand, and General Electric promptly requested that the case be returned to the non-jury docket after learning of the demand. Small contends, however, that he did send notice, and that even if General Electric did not receive that notice immediately, it nevertheless waived its contractual right by failing to raise the issue for ten months. In this regard, Small submits the case is like *Rivercenter Associates v. Rivera*, 858 S.W.2d 366 (Tex. 1993), a mandamus case in which we declined to enforce a contractual jury waiver because of the relator's lack of diligence in asserting its rights.

In *Rivercenter*, we observed that mandamus was a discretionary writ, largely controlled by equitable principles, which

are to benefit "the diligent and not those who slumber on their rights." *Id.* at 367 (quoting *Callahan v. Giles*, 137 Tex. 571, 155 S.W.2d 793, 795 (1941)). The record there revealed that "Rivercenter was sent notice on the day the jury demand was filed, yet for no apparent reason delayed filing its motion to quash [for over four months]." *Id.* We concluded that Rivercenter was not entitled to mandamus relief to enforce its contractual right because the record did not show a justification for Rivercenter's delay in pursuing its right to a non-jury trial. *Id.* at 367–68.

Unlike the circumstances in *Rivercenter*, General Electric had already asserted its contractual right to a non-jury trial when Small filed his jury demand. Moreover, unlike *Rivercenter*, General Electric explains its delay in moving to quash the demand as a consequence of Small's failure to send notice. Small disputes this, but there is nothing in the record to document his assertion that he served the demand on General Electric. Thus, the issue here is not whether General Electric was diligent in asserting its contractual right in the first place, but rather whether General Electric waived its right to a non-jury trial by failing to notice the docket change over a ten month period.

The court's first trial setting indicated that the case would be tried to the court. That information was provided in a form letter that included the following three lines:

(1) Pre-trial:
(2) Jury trial:
(3) Non Jury trial:    06/01/04    9:30 A.M.

That setting was passed, and the case was subsequently moved to the jury docket, following Small's jury demand. The trial settings from the court thereafter indicated the date and time for the trial on line (2) opposite "Jury trial." It was not until the third such setting that General Elec-

tric finally noticed that the case had been moved to the jury docket. Small suggests that we imply from these circumstances that General Electric waived its contractual right to a non-jury trial. But General Electric maintains that it did not immediately notice when the case was moved to the jury docket because it never received a copy of Small's jury demand. General Electric submits that it did nothing inconsistent with its previous asserted right to a non-jury trial, other than fail to notice a subtle change in the court's form letter.

■ Waiver requires intent, either the "intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *Sun Exploration & Prod. Co. v. Benton,* 728 S.W.2d 35, 37 (Tex.1987) (citing *Mass. Bond. & Ins. Co. v. Orkin Exterm. Co.,* 416 S.W.2d 396, 401 (Tex.1967)). In *Jernigan v. Langley,* we explained that:

> Waiver is largely a matter of intent, and for implied waiver to be found through a party's actions, intent must be clearly demonstrated by the surrounding facts and circumstances. There can be no waiver of a right if the person sought to be charged with waiver says or does nothing inconsistent with an intent to rely upon such right. Waiver is ordinarily a question of fact, but when the surrounding facts and circumstances are undisputed, as in this case, the question becomes one of law.

111 S.W.3d 153, 156–57 (Tex.2003) (citations omitted). As in *Jernigan,* we have no evidence here of General Electric's specific intention to waive its contractual right nor can we imply intent from the surrounding facts and circumstances. The circumstances here may indicate inattention or a certain lack of care on the part of General Electric, but they do not imply that General Electric intended to waive its previously asserted contractual right by not complaining sooner. *See Van Indep. Sch. Dist. v. McCarty,* 165 S.W.3d 351, 353 (Tex.2005) ("While waiver may sometimes be established by conduct, that conduct must be unequivocally inconsistent with claiming a known right.").

■ Small also contends that the trial court correctly refused to enforce the contractual jury waiver because General Electric did not present evidence that the waiver was entered into knowingly and voluntarily as required to enforce such a waiver. *See In re Prudential Ins. Co.,* 148 S.W.3d 124, 133 (Tex.2004). The waiver provision, however, was written in capital letters and bold print, providing that:

**THE MAKER HEREBY UNCONDITIONALLY WAIVES ITS RIGHTS TO A JURY TRIAL OF ANY CLAIM OR CAUSE OF ACTION BASED UPON OR ARISING OUT OF, DIRECTLY OR INDIRECTLY, THIS NOTE,.... IN THE EVENT OF LITIGATION, THIS NOTE MAY BE FILED AS A WRITTEN CONSENT TO A TRIAL BY THE COURT.**

Such a conspicuous provision is *prima facie* evidence of a knowing and voluntary waiver and shifts the burden to the opposing party to rebut it. *See id.* at 134; *see also In re Wells Fargo Bank Minn. N.A.,* 115 S.W.3d 600, 609 (Tex.App.-Houston [14th Dist.] 2003). Small did not challenge the jury waiver provision in the trial court and only summarily contends here that the provision is invalid.

In *Prudential,* we concluded that mandamus was appropriate to enforce a valid contractual jury waiver. *In re Prudential Ins. Co.,* 148 S.W.3d at 139. Finding no evidence that the provision was invalid or that General Electric knowingly waived its contractual right to a non-jury trial, we conclude that the trial court abused its discretion in failing to enforce the provision. Without hearing oral argument, TEX.

R. App. P. 52.8(c), we conditionally grant mandamus relief and direct the trial court to return the case to the non-jury trial docket. The writ will issue only if the trial court fails to comply with our directive.

Justice O'NEILL did not participate in the decision.