In re **FAST–TRAK CONSTRUCTION, INC. f/k/a Fast–Trak Construction, L.P. and Fast–Trak Construction Management, L.L.C., Relators.**

No. 05–10–00054–CV.

Court of Appeals of Texas, Dallas.

March 4, 2010.

Lara Lynn Reenan and Michael B. Gerstle, Gerstle, Minissale, Snelson, LLP, Dallas, for relators.

William T. Herrscher, McKinney, for real party in interest.

Before Justices MORRIS, FRANCIS, and FILLMORE.

## OPINION

Opinion by Justice FRANCIS.

The Court has before it relators' petition for writ of mandamus and real party in interest's motion for leave to file response to petition for writ of mandamus. Relators did not object to real party in interest's motion for leave and we **GRANT** that motion and **CONDITIONALLY GRANT** relators' petition for writ of mandamus.

▮ Relators filed this mandamus proceeding after the trial court ordered them to produce the results of certain testing done by their consulting expert. In order to obtain mandamus relief, relators must show both that the trial court has abused its discretion and that they have no ade-

quate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex.2004) (orig. proceeding). Relators have met this burden.

The underlying case involves allegations of construction defects and whether the soil was properly prepared before building began. Relators and real party in interest entered into a Rule 11 agreement through which relators' consulting expert could conduct destructive testing of the soil. The parties agreed that relators would "produce photographs or electronic images taken during the investigation as may be required under Rule 192.5." The parties also agreed that nothing in the Rule 11 agreement would be construed as a waiver of any rights to which any party might be entitled under the Texas Rules of Civil Procedure. After a dispute arose about the underlying data from the destructive testing, the parties entered into a second agreement providing that the issue would be submitted to the court for determination.

▮ Accordingly, motions to compel and for a protective order were filed. The trial court ultimately granted the motion to compel, ordering relators to produce "the underlying facts and data from the laboratory testing of the soil samples." Texas Rule of Civil Procedure 192.3 protects the "identity, mental impressions, and opinions of a consulting expert whose mental impressions and opinions have not been reviewed by a testifying expert." Tex.R. Civ. P. 192.3(e). The data at issue here falls firmly within this category, and the trial court erred in concluding that it was not protected by the privilege. We further conclude that relators did not waive the privilege through the Rule 11 agreements or otherwise. *See In re Gen. Elec. Capital Corp.*, 203 S.W.3d 314, 316 (Tex.2006) (orig. proceeding) (waiver of consulting expert privilege requires intent, which is ei-

ther the intentional relinquishment of a known right or intentional conduct inconsistent with the right).

"[A] clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). Relators have thus met the first requirement necessary for mandamus relief. Further, relators have no adequate remedy at law if they are forced to comply with a discovery order that violates the consulting-expert privilege. *See Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 476 (Tex.1997) (orig. proceeding). Relators have therefore met the second requirement to obtain mandamus relief.

Accordingly, we conditionally grant the relators' petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate its December 18, 2009, "Order Granting Plaintiffs' Motion to Compel" and to enter an order granting relators' motion for protective order.