COURT OF APPEALS

                                                 SECOND DISTRICT
OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-10-182-CV

 

 

IN RE GO COLORADO 2007                                                                 RELATOR

REVOCABLE
TRUST      

 

 

                                                       ------------

 

                                           ORIGINAL PROCEEDING

 

                                                       ------------

 

                                                      OPINION

 

                                                       ------------

I. Introduction








In
this original proceeding, Relator Go Colorado 2007 Revocable Trust (the Trust)
contends that the trial court abused its discretion by enforcing a contractual
jury waiver against the Trust when it did not exist at the time the guaranty
containing the contractual jury waiver was signed; did not sign the guaranty
containing the contractual jury waiver provision; and was not a party to, or
assignee of, the guaranty containing the contractual jury waiver
provision.  Because we hold that the
trial court abused its discretion by enforcing the guaranty=s
jury waiver provision against the Trust, we will conditionally grant the Trust=s
petition for writ of mandamus.

II.  Background

In
May 2007, Gregory Obert created the Trust. 
In April 2006, prior to the Trust=s
creation, real party in interest Center Capital Corporation (CCC) entered into
a loan and security agreement that was guaranteed by Go Interests, LLC; Gregory
M. Obert; Gwendolyn M. Obert; Go Helicopters, Inc.; Helitrans Company; Hilltop
Commercial Holdings, Inc.; and HMC Helicopter Service, Inc.  Each of these individuals and entities (the
Guarantors) signed a guaranty.  The last
sentence of each guaranty provides, AGUARANTOR
HEREBY WAIVES TRIAL BY JURY AND THE RIGHT THERETO IN ANY ACTION OR PROCEEDING
OF ANY KIND ARISING ON, OUT OF, UNDER OR BY REASON OF THIS GUARANTY.@








Eventually,
CCC sued the Guarantors for breach of their guaranties.  CCC later added the Trust as a defendant in
the pending case.  Obert did not sign the
guaranty in his capacity as trustee of the Trust; he signed it in his
individual capacity.  In fact, the Trust
was not in existence at the time the guaranties were executed. CCC nonetheless
sought enforcement of the guaranties=
jury waiver provisions against the Trust, and the trial court signed a May 20,
2010 order enforcing the jury waiver and placing CCC=s
lawsuit against all defendants, including the Trust, on the court=s
nonjury docket.[1]

The
Trust filed this original proceeding, contending that the trial court abused
its discretion by enforcing the contractual jury waiver against it; CCC filed a
response.[2]

III. Analysis

A.
Standard of Review








Mandamus
relief is proper only to correct a clear abuse of discretion when there is no
adequate remedy by appeal.  In re
Columbia Med. Ctr. of Las Colinas, 290 S.W.3d 204, 207 (Tex. 2009) (orig.
proceeding).  A trial court clearly
abuses its discretion when it reaches a decision so arbitrary and unreasonable
as to amount to a clear and prejudicial error of law. Walker v. Packer,
827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  A trial court also abuses its discretion if
it incorrectly interprets or improperly applies the law.  In re Dep=t of
Family & Protective Servs., 273 S.W.3d 637, 642B43
(Tex. 2009) (orig. proceeding); Walker, 827 S.W.2d at 840.

Absent
extraordinary circumstances, mandamus will not issue unless a relator lacks an
adequate remedy by appeal.  In re Van
Waters & Rogers, Inc., 145 S.W.3d 203, 210B11
(Tex. 2004) (orig. proceeding) (citing Walker, 827 S.W.2d at 839).  When a trial court abuses its discretion by
enforcing or by refusing to enforce a contractual jury waiver provision, the
parties have no adequate remedy by appeal.  See In re Gen. Elec. Capital Corp.,
203 S.W.3d 314, 316B17 (Tex. 2006) (orig.
proceeding); In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 136 (Tex.
2004) (orig. proceeding); see also Van Waters & Rogers, Inc., 145 S.W.3d
at 210B11
(explaining that an appeal is inadequate for mandamus purposes when parties are
in danger of permanently losing substantial rights, such as when the appellate
court would not be able to cure the error, the party=s
ability to present a viable claim or defense is vitiated, or the error cannot
be made part of the appellate record).

B. The Trust Did Not Knowingly and
Voluntarily Waive a Jury Trial








A prelitigation
contractual jury waiver must be made knowingly and voluntarily.  Prudential Ins. Co. of Am., 148 S.W.3d
at 132 (holding constitutional right to jury trial may be waived via contract
so long as the waiver is made knowingly, voluntarily, and intelligently Awith
sufficient awareness of the relevant circumstances and likely consequences@); see
also Gen. Elec. Capital Corp., 203 S.W.3d at 316B17.  Waiver requires either the Aintentional
relinquishment of a known right or intentional conduct inconsistent with
claiming that right.@  Gen. Elec. Capital Corp., 203 S.W.3d
at 316.

As
set forth above, the Trust did not exist in April 2006 when Gregory Obert and
the other defendants executed the guaranties containing the jury waiver
provisions.  Obert signed a guaranty in
his individual capacity, not in his capacity as trustee of the Trust.  The Trust is not a party to a guaranty and
does not qualify as a AGUARANTOR [WHO] HEREBY
WAIVES TRIAL BY JURY@ under the guaranties.  Obert=s
individual waiver of his right to a jury trial cannot, under any stretch of
reasoning, be construed as a knowing and voluntary waiver on behalf of the
subsequently-created Trust of the right to a jury trial.  Obert could not have acted as trustee of a
trust that had not yet been created.  How
can an individual who is not yet a trustee knowingly and voluntarily waive the
constitutional right to a jury trial on behalf of a trust that does not yet
exist?  See Prudential Ins. Co.
of Am., 148 S.W.3d at 136 (requiring jury trial waiver to be knowing and
voluntary).  We hold that the Trust did
not knowingly and voluntarily waive its constitutional right to trial by a
jury.













While
conceding that the Trust was not in existence when the guaranties were
executed, that Obert did not sign the guaranty as trustee of the Trust, and
that the Trust is not a party to any guaranty, CCC nonetheless argues that the
trial court properly enforced the guaranty=s
jury waiver provision against the Trust for three reasons.  First, CCC argues that such a close nexus
exists between Obert, who signed a guaranty in his individual capacity, and the
Trust that the guaranty=s jury waiver is enforceable
against the Trust.  Second, CCC argues
that arbitration principlesCwhich
allow an arbitration agreement in certain narrow circumstances to be
enforceable against nonsignatoriesCapply
to contractual jury waivers.  Third, CCC
argues that equity demands enforcement of the jury waiver against the Trust.[3]  We need not address these arguments, however,
because we hold that the fact that the Trust was not in existence when Gregory
Obert and the other defendants executed the guaranties containing the jury
waiver provisions conclusively establishes as a matter of law that the Trust
(which was not in existence) did not knowingly and voluntarily waive its
constitutional right to a jury trial.  If
the Trust had existed prior to Gregory Obert=s
execution of the guaranty containing the jury waiver or if evidence established
that the Trust had become an assignee of a Guarantor,[4]
CCC=s
three arguments may or may not have merit.  See In re Credit Suisse First Boston
Mortg. Capital, L.L.C., 257 S.W.3d 486, 493 (Tex. App.CHouston
[14th Dist.] 2008, orig. proceeding) (holding that trial court did not abuse
its discretion by refusing to enforce contractual jury waiver against
nonsignatory, that jury waiver provisions are not on the same footing as
arbitration agreements, and that equitable estoppel cannot be used as a vehicle
to circumvent the required Aknowing
and voluntary@
waiver standard).

IV. Conclusion

Because
the Trust had not yet been created when Obert and the other defendants executed
the guaranties containing the jury waiver provisions, because Obert did not
sign the guaranty containing the contractual jury waiver provision in his
capacity as trustee of the subsequently-created Trust, and because the Trust
was not a party to the guaranty containing the contractual jury waiver
provision and otherwise did not become an assignee of a Guarantor, we hold that
the trial court abused its discretion by enforcing the guaranties=
contractual jury waiver provision against the Trust. We conditionally grant the
Trust=s
petition for writ of mandamus.

Respondent
is ordered to enter an order setting aside that portion of its May 20, 2010
order that places CCC=s suit against the Trust on
the nonjury docket.  That portion of
Respondent=s
May 20, 2010 order that places CCC=s
claims against the other seven defendants on the nonjury docket remains intact.
The writ will issue only if Respondent fails to comply.  Our stay order dated June 4, 2010 is ordered
dissolved. 

SUE
WALKER

JUSTICE

 

PANEL: DAUPHINOT, WALKER, and
MEIER, JJ.

 

DAUPHINOT, J. dissents
without opinion.

 

DELIVERED: July 15, 2010











[1]After hearing CCC=s motion to
reconsider the jury setting and motion to strike, the trial court granted the
motion to strike by its May 20, 2010 order. CCC=s suit against the
Trust was placed on the trial court=s nonjury docket.





[2]In its response, CCC
points out that the contractual documents contain a choice-of-law provision
indicating that they are governed by Connecticut law.  But CCC also asserts that A[w]hether this court
applies Texas law or Connecticut law, the result is the same@ and proceeds to cite
and rely upon Texas case law in its response. 
If the result is the same under the law of either jurisdiction, there is
no need to resolve the choice-of-law question. See, e.g., Duncan v.
Cessna Aircraft Co., 665 S.W.2d 414, 419 (Tex. 1984). Consequently, we need
not do so here.





[3]CCC makes several
compelling arguments why monies in the Trust belong to it.  In fact, the trial court signed a temporary
restraining order restricting the Trust=s distributions and expenditures.  We do not address these merits-based
arguments by CCC; the sole issue before us is the enforceability of the
guaranty=s jury waiver
provision against the Trust.  That is,
whether CCC can seek redress from the Trust before a jury or only before a
judge.





[4]The guaranties
provide that they are binding on the Guarantors= Aheirs, legatees,
distributees, successors, assigns, executors and administrators . . . (each an >Assignee=).@