

## NUMBER 13-12-00326-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

### IN RE FALCON INTERNATIONAL BANK, RAY A. GONZALEZ, CURT CAVAZOS, AND TREVIÑO, VALLS & HAYNES, L.L.P.

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion Per Curiam

Relators, Falcon International Bank ("Falcon"), Ray A. Gonzalez, Curt Cavazos, and Treviño, Valls & Haynes, L.L.P., filed a petition for writ of mandamus in which they allege that respondent, the Honorable Noe Gonzalez, presiding judge of the 370th Judicial District Court of Hidalgo County, Texas, abused his discretion, leaving relators without an adequate appellate remedy, by denying relators' objection to jury trial and motion to strike jury demand in the underlying cause, trial court cause number C-0300-12-G.  Relators also filed a emergency motion for stay of proceedings in which they

stated that a jury trial is scheduled to begin in the underlying cause on the afternoon of May 14, 2012. On May 14, 2012, we granted the emergency motion, ordered all underlying trial court proceedings stayed until further order of this Court, and ordered the real parties in interest, Mark A. Cantu, Roxanne Pena Cantu, and Canflor, L.P., to file any response to relators' petition for writ of mandamus on or before Friday, May 18, 2012. We subsequently extended the deadline for the real parties in interest to file a response to Friday, June 1, 2012. No response has been filed.

This Court, having fully reviewed and considered the petition for writ of mandamus and the record documents provided by relators, is of the opinion that relators' petition is meritorious and should be granted. Mandamus will issue to correct a clear abuse of discretion for which the remedy by appeal is inadequate. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner, when it acts without reference to guiding rules and principles, or when it clearly fails to analyze or apply the law correctly. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding); *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991).

The following factual background is established by the record as provided by relators. In 2008, real parties in interest refinanced their mortgage on a 64-unit apartment complex in McAllen, Texas, through relator Falcon. In 2009, real party in interest Cantu filed for bankruptcy and wanted to modify the mortgage agreement with Falcon. On June 30, 2010, the parties signed a written modification of the mortgage note, which, among other things, extended the time for Cantu to pay. The modification agreement also stated the following:

2

**MAKER, GUARANTOR AND HOLDER HEREBY . . . IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT PERMITTED BY LAW, TRIAL BY JURY IN ANY LEGAL ACTION OR PROCEEDING RELATING TO THIS NOTE OR ANY OF THE LOAN DOCUMENTS EXECUTED IN CONNECTION WITH THIS NOTE . . . AND FOR ANY COUNTERCLAIM THEREIN . . . .**

(Emphasis in original.)  Canflor, L.P. subsequently defaulted on its obligations to Falcon and Falcon sought to foreclose on the subject property.  Real parties in interest then sued relators, seeking to enjoin the foreclosure.  On April 3, 2012, the trial court rendered a temporary injunction restraining relators from foreclosing on the subject property and setting the case for trial on May 14, 2012.  Real parties in interest demanded a jury trial; relators objected and filed a motion to strike the jury demand, referencing the June 30, 2010 modification agreement.  On May 11, 2012, the trial court denied relators' objection to jury trial and its motion to strike jury demand.

In so doing, the trial court clearly failed to apply the law correctly and therefore abused its discretion.  In general, contractual jury waivers are enforceable and do not violate public policy.  *See In re Prudential*, 148 S.W.3d at 129–33.  A conspicuous jury waiver provision, such as the one the parties entered into here, is prima facie evidence of a knowing and voluntary waiver and shifts the burden to the opposing party to rebut it.  *In re Gen. Elec. Capital Corp.*, 203 S.W.3d 314, 316 (Tex. 2006) (orig. proceeding).  Relators have established:  (1) that real parties in interest knowingly and voluntarily, and with the advice of counsel, entered into the modification agreement; and (2) that the jury waiver clause in that agreement applies to all the claims made by real parties in interest in the underlying lawsuit.  Real parties in interest have failed to rebut these contentions.  *See id.*  Moreover, when a trial court improperly refuses to enforce a jury waiver, there is no adequate remedy by appeal.  *In re Frank Kent Motor Co.*, 361 S.W.3d 628, 631

3

(Tex. 2012) (orig. proceeding) (citing *In re Prudential*, 148 S.W.3d at 138).

We therefore conditionally GRANT the petition for writ of mandamus and direct the trial court to (1) vacate its order denying relators' objection to jury trial and motion to strike jury demand and (2) set the matter for bench trial pursuant to the parties' agreement. The writ will issue only if the trial court fails to comply. Finally, the stay previously imposed on the trial court proceedings is hereby lifted, and all pending motions before this Court not otherwise disposed of are hereby denied as moot.

PER CURIAM

Delivered and filed the
5th day of June, 2012.