In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00198-CV**

_____

**IN RE Q DIRECTIONAL DRILLING LLC, TWISTER DRILLING TOOLS LLC, AND JIM BEASLEY**

**Original Proceeding**
**410th District Court of Montgomery County, Texas**
**Trial Cause No. 15-06-05931**

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, Q Directional Drilling LLC, Twister

Drilling Tools LLC, and Jim Beasley seek to enforce a jury waiver in a stock

redemption agreement between Twister Drilling Tools LLC and the real party in

interest, James Grodeski.[1] We temporarily stayed the trial and requested a response

---

[1]Grodeski's trial court pleadings state that Q Directional owns 100% of Twister and Beasley is the former president of both Q Directional and Twister. Grodeski is a former employee of Twister and the plaintiff in the trial court's case.

1

from the real party in interest. *See* Tex. R. App. P. 52.10 (b). After reviewing the parties' briefs and appendices, we conditionally grant mandamus relief.

In his trial court pleadings, Grodeski alleged that in March 2012, he accepted an offer of employment with Twister that included 50,000 shares of B-Incentive stock. On the last day of his employment, February 25, 2014, Grodeski signed a Redemption Agreement. In his deposition, Grodeski stated that he was shown only the signature page when he signed the agreement. He received a check for $5,416.47 and a copy of the Redemption Agreement the following day. The Redemption Agreement contains a waiver of the right to a jury trial in any action, proceeding, or counterclaim arising out of or relating to the Redemption Agreement. Grodeski deposited the check several months later, after he consulted an attorney.

Alleging that the defendants failed to disclose to him that the redemption of his shares was controlled by the companies' Restricted Unit Agreements, Grodeski claimed his execution of the Redemption Agreement was procured by fraud. Grodeski sued for a declaratory judgment declaring and imposing a constructive trust over Q Directional's equity "so that Grodeski receives an interest in such equity commensurate with the value he would have received from his 50,000 shares had Defendants not fraudulently induced him into releasing such interest." Grodeski asserted claims for breach of his employment agreement, fraudulent inducement of

the Redemption Agreement, statutory fraud in a stock transaction, negligent misrepresentation, and civil conspiracy.

Relying on the contractual jury trial waiver contained in the Redemption Agreement, Q Directional, Twister, and Beasley moved to strike Grodeski's jury demand. In opposition, Grodeski argued that the defendants concealed Grodeski's ability to redeem his B units without having to waive his right to a jury. Additionally, Grodeski argued that the jury waiver was not conspicuous because he was not provided with a copy of the entire agreement when he signed it. In response, the defendants argued the trial court must decide the disputed fact issues because Grodeski claimed that the entire agreement had been fraudulently induced, and he did not allege that the jury waiver clause was secured independently of the Redemption Agreement itself.

"[A] conspicuous provision is prima facie evidence of a knowing and voluntary waiver and shifts the burden to the opposing party to rebut it." *In re Gen. Elec. Capital Corp.*, 203 S.W.3d 314, 316 (Tex. 2006). Grodeski argues that the seemingly conspicuous waiver was concealed from him at the time he signed the contract; however, Grodeski ratified the jury waiver when he accepted the benefits of the contract after he had an opportunity to examine it. *See In re Weeks Marine, Inc.*, No. 14-09-00580-CV, 2009 WL 3231570, at *3 (Tex. App.—Houston [14th

3

Dist.] Oct. 8, 2009, orig. proceeding) (mem. op.). Grodeski argues that the trial court implicitly found that fact issues preclude summary judgment when it denied a defense motion for summary judgment, but in his response to the motion for summary judgment, Grodeski expressly disclaimed that his fraud claim was "based on the notion that he signed the Redemption Agreement without receiving a copy or an opportunity to review it thereafter." In his response to the motion for summary judgment, Grodeski argued that his fraud claim was based on concealment of several material facts, including rights set forth in the separate Restricted Unit Agreements and a planned liquidity event in which shareholders would receive substantial monetary benefits. The jury waiver is enforceable because Grodeski's fraud allegation is directed to the entire agreement. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 134-35 (Tex. 2004).

> Any provision relating to the resolution of future disputes, included as part of a larger agreement, would rarely be enforced if the provision could be avoided by a general allegation of fraud directed at the entire agreement. The purpose of such provisions—to control resolution of future disputes—would be almost entirely defeated if the assertion of fraud common to such disputes were enough to bar enforcement. The United States Supreme Court has explained that arbitration and forum-selection clauses should be enforced, even if they are part of an agreement alleged to have been fraudulently induced, as long as the specific clauses were not themselves the product of fraud or coercion. We have applied the same rule in the context of arbitration. . . .
>
> We agree that the rule should be the same for all similar dispute resolution agreements.

*Id.* (citations omitted).[2]

We conclude that the trial court abused its discretion by failing to enforce the contractual jury waiver. *See id.* We are confident that the trial court will vacate its order of May 30, 2017 and set the case for trial on the non-jury docket. The writ shall issue only in the event that the trial court fails to comply.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on June 12, 2017
Opinion Delivered July 20, 2017

Before McKeithen, C.J., Kreger and Johnson, JJ.

---

[2]Grodeski does not contend that relators forfeited their right to assert the jury waiver by waiting until April 21, 2017, to file a motion to strike Grodeski's jury demand. *See In re Gen. Elec. Capital Corp.*, 203 S.W.3d 314, 316 (Tex. 2006) (Mere inattention to the assertion of a contractual right to a non-jury trial will not establish a known relinquishment of the right.).