**J.L. NEGRINI and Helen Negrini, Appellants,**

v.

**David F. BEALE, Appellee.**

**No. C14–90–00105–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 6, 1992.

## OPINION

DRAUGHN, Justice.

This is an appeal from a summary judgment holding that appellee, David F. Beale, was entitled to collect legal fees for services rendered to appellants. In two points of error, appellants contend that the trial court erred in granting summary judgment because the motion for summary judgment was not served properly or timely pursuant to Texas Rules of Civil Procedure. We affirm.

Appellee represented appellants on various legal matters from May, 1983, through

January, 1986. When the balance due on past legal services reached approximately $27,000.00, appellee informed appellants he would withdraw as their attorney unless acceptable payment arrangements were devised for past and future fees. On July 15, 1985, J.L. Negrini signed a monthly fee agreement and a promissory note for $27,-000.00 to be paid in monthly installments beginning July 20, 1985, and terminating after August 20, 1986. Appellants made no payments after November, 1985. Appellee subsequently filed suit on March 12, 1986. On November 13, 1989, appellee filed a Motion for Summary Judgment and Notice of Hearing for December 4, 1989. On the same day, appellee served appellants with the Motion for Summary Judgment and Notice of Hearing at 1721–61st Street, Galveston, Texas. Appellants filed their First Amended Answer on December 4, 1989. The court granted the summary judgment on December 15, 1989, and rendered judgment for appellee for $27,885.00 plus attorney's fees of $1,650.00 and interest. This court denied appellants' untimely motion for leave to file the "Statement of Facts" on March 29, 1990.

In two points of error, appellants claim the trial court erred in granting appellee's summary judgment because the motion was not served properly or timely in compliance with Texas Rules of Civil Procedure 21a and 166a(c). Appellants allege the notice was deficient because service was not delivered personally and was delivered to an incorrect address. They contend the motion was found stuffed in their door at 1721–61st St., Galveston, Texas, on an unknown date which may have been on or about November 13, 1989, the date specified in the certificate of service. Additionally, appellants argue that the summary judgment was improper because they did not receive the requisite twenty-one days notice of the hearing date.

In the summary judgment context, Texas Rules of Civil Procedure 166a(c) requires "except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing." TEX.R.CIV.P.

166a(c). However, a party waives challenge to summary judgment without receiving 21 days notice, where the party received notice of the hearing, appeared at it, filed no controverting affidavit, and did not ask for a continuance. Such is this case here and appellant has waived any error on the issue. *Manhattan Const. Co. v. Hood Lanco, Inc.* 762 S.W.2d 617, 619 (Tex. App.—Houston [14th Dist.] 1988, writ denied); *Hudenburg v. Neff,* 643 S.W.2d 517 (Tex.App.—Houston [14th Dist.] 1982, writ ref. n.r.e.), *cert. denied,* 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 313 (1984). Appellant seeks to raise the issue for the first time on appeal. The supreme court, however, has carefully pointed out that Rule 166a(c) prohibits such an attempt:

"Responding to the criticism that a non-movant could "lay behind the log" in the trial court and urge deficiencies for the first time on appeal, the new section (c) specifically prohibits this tactic by clearly requiring:

... Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."

*City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 677 (Tex.1979); TEX.R.CIV.P. 166a(c). An allegation that a party received less notice than required by statute does not present a jurisdictional question and therefore may not be raised for the first time on appeal. *Davis v. Davis,* 734 S.W.2d 707, 712 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.).

In the present case, appellants do not complain they had no notice of the Motion for Summary Judgment or the Hearing on the Motion for Summary Judgment which would have presented a question of the trial court's jurisdiction to hear the motion. Indeed, they appeared at the summary judgment hearing on December 4, 1989, but they filed no response to the motion nor any written pleadings directing the court's attention to any defects in the time or manner of service of the motion. They were also present on December 15, 1989, when appellee's summary judgment motion

was granted. Appellants failed to file a motion for continuance under TEX.R.CIV.P. 166a(g), or any other motion seeking additional time in which to respond to appellee's motion. Since they participated in the hearing on the motion and failed to apprise the trial court of their complaint before, during, or after the summary judgment hearing, they have waived any objection as to improper or untimely notice, and cannot now raise it for the first time on appeal under TEX.R.CIV.P. 166a(c).

The trial court's judgment is affirmed.