NO. 12-01-00046-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


CARLA CUMMINGS,
§
 APPEAL FROM THE 145TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


LLOYD GILLESPIE,

APPELLEE
§
 NACOGDOCHES COUNTY, TEXAS

 

 Appellant Carla Cummings filed suit to remove a cloud on the title to her homestead, as well
as various other claims against Appellees Elizabeth Martines and Lloyd Gillespie. Gillespie
counterclaimed with a declaratory judgment action to declare that he had gained title to Cummings'
alleged homestead through a transaction with Martines. Cummings and Gillespie both filed motions
for summary judgment. Cummings now complains that the trial court erred when it granted
Gillespie's motion and denied her own. We affirm the judgment of the trial court.


Background

 Cummings deeded her ranch, Smilin C Farms, to Martines for $225,000. Seventy-five
thousand dollars of that purchase price was satisfied by the release of Cummings' debt to Martines. 
Martines acquired $150,000 in financing from Gillespie to purchase the property. Cummings gave
Martines $20,000 to facilitate the transaction. Cummings then leased the ranch from Martines, with
the option to "buy" the property at any time before the loan was paid off. 

 This horse ranch was Cummings' homestead, and her separate property. Cummings'
husband, Lance Cummings, did not sign the deed or any other document purporting to transfer
ownership of the ranch to Martines. When Martines stopped making the monthly payments, 
Gillespie posted the property for foreclosure. Cummings then filed this suit to remove a cloud on
the title to the property, asserting that the deed and the deed of trust were invalid. She also alleged
that both Gillespie and Martines had violated the RICO Act, and that Martines had engaged in other
unlawful activity. Gillespie countersued, seeking a declaratory judgment that the deed of trust was
valid, plus damages. Both Cummings and Gillespie filed motions for summary judgment. The trial
court granted Gillespie's motion and denied Cummings' motion. Subsequently, Gillespie filed a no-
evidence motion for summary judgment on Cummings' RICO action, and a motion to sever so that
his summary judgment would be a final, appealable judgment. The trial court granted both motions
and this appeal followed.


Summary Judgment Standard of Review

 In her first issue, Cummings complains that the trial court erred when it denied her motion
for summary judgment. In reviewing a 166a(c) summary judgment, this court must apply the
standards established in Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex.
1985), which are:


 1. The movant for summary judgment has the burden of showing that there is no
genuine issue of material fact and that it is entitled to judgment as a matter of law.


 2. In deciding whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the non-movant will be taken as true.


 3. Every reasonable inference must be indulged in favor of the non-movant and any
doubts resolved in its favor.



Id.

 For a party to prevail on a motion for summary judgment, he must conclusively establish the
absence of any genuine question of material fact and that he is entitled to judgment as a matter of
law. Tex. R. Civ. P. 166a(c). A movant must either negate at least one essential element of the non-movant's cause of action, or prove all essential elements of an affirmative defense. Randall's Food
Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995); MMP, Ltd. v. Jones, 710 S.W.2d 59,
60 (Tex. 1986). Since the burden of proof is on the movant, and all doubts about the existence of
a genuine issue of a material fact are resolved against the movant, we must view the evidence and
its reasonable inferences in the light most favorable to the nonmovant. Great Am. Reserve Ins. Co.
v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965). We are not required to
ascertain the credibility of affiants or to determine the weight of evidence in the affidavits,
depositions, exhibits and other summary judgment proof. The only question is whether or not an
issue of material fact is presented. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952). 

 Once the movant has established a right to summary judgment, the non-movant has the
burden to respond to the motion for summary judgment and present to the trial court any issues that
would preclude summary judgment. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d
671, 678 (Tex. 1979). All theories in support of or in opposition to a motion for summary judgment
must be presented in writing to the trial court. Casso v. Brand, 776 S.W.2d 551, 553 (Tex. 1989). 
When a summary judgment does not specify or state the grounds relied on, as in the instant case, the
summary judgment will be affirmed on appeal if any of the grounds presented in the motion are
meritorious. See Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995).

 Where both parties move for summary judgment, all the evidence accompanying both
motions should be considered in deciding whether or not to grant either party's motion. DeBord v.
Muller, 446 S.W.2d 299, 301 (Tex. 1969); Murphy v. McDermott, Inc., 807 S.W.2d 606, 611 (Tex.
App.- Houston [14th Dist.] 1991, writ denied); but cf. Saenz, 999 S.W.2d at 494; Steinkamp v.
Arreola, 3 S.W.3d 191, 194 (Tex. App.- El Paso 1999, pet. denied). Each party must carry his
burden and neither may prevail because of the failure of the other to discharge his burden. State
Farm Lloyds v. C.M.W., 53 S.W.3d 877, 883 (Tex. App.- Dallas 2001, pet. denied). 


Denial of Cummings' Summary Judgment

 The only ground upon which Cummings sought summary judgment was Lance Cummings'
failure to "consent in the manner provided by law to the sale or exchange of property in which Lance
had a homestead right." Article XVI, § 50 of the Texas Constitution specifies that:

. . .

 (b) An owner or claimant of the property claimed as homestead may not sell or abandon the
homestead without the consent of each owner and the spouse of each owner, given in such manner as
may be prescribed by law.

 (c) No mortgage, trust deed, or other lien on the homestead shall ever be valid unless it secures
a debt described by this section, whether such mortgage, trust deed, or other lien, shall have been
created by the owner alone, or together with his or her spouse, in case the owner is married. All
pretended sales of the homestead involving any condition of defeasance shall be void.



Tex. Const. art. XVI, § 50.

 And section 5.001 of the Texas Family Code provides:


 Whether the homestead is the separate property of either spouse or community property, neither
spouse may sell, convey or encumber the homestead without the joinder of the other spouse except as
provided in this chapter or by other rules of law.



Tex. Fam. Code Ann. § 5.001 (Vernon 1998).

 It is undisputed that Lance did not sign the documents of sale. But this is not dispositive
because a conveyance by one spouse, not joined by the other spouse, of homestead property "is not
void but is merely inoperative while the property continues to be the homestead, or until such time
as the homestead may be abandoned . . . " Zable v. Henry, 649 S.W.2d 136, 137 (Tex. App.- Dallas
1983, no writ). According to Villareal v. Laredo Nat'l Bank, this means abandonment by the non-signing spouse. 677 S.W.2d 600, 609 (Tex. App.- San Antonio 1984, writ ref'd n.r.e.). Also, if the
non-signing spouse ratifies the deed, the transfer becomes operative. Zable, 649 S.W.2d at 137.

 Cummings met her initial burden by proving that Lance had not been a party to the sale, but
Gillespie raised a fact issue by offering summary judgment evidence that Lance had ratified the deed,
had actually signed a quitclaim deed to Martines, and had abandoned the homestead when
Cummings filed for divorce and Lance moved out.

 On appeal, Cummings maintains that the transaction described above was a "straw-man"
transfer by deed (a pretended sale), by which she was able to get a loan secured by her homestead
property, in contravention of the Texas Constitution. She contends that this transaction was
unconstitutional and thus void. Cummings did not, however, argue this point in her motion to the
lower court, so we cannot consider it. See State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 382
(Tex. 1993)(appellate court only considers summary judgment issues contemplated and ruled on by
the trial court); Upchurch v. San Jose, 5 S.W.3d 274, 278 (Tex. App.- Amarillo 1999, pet. denied)
(issues not expressly presented to the trial court in writing shall not be considered on appeal as
grounds for reversal). Thus, the trial court correctly denied Cummings' motion for summary
judgment, and we overrule issue one.


Summary Judgment in Favor of Gillespie

 Gillespie argued in his motion for summary judgment that Lance not only approved of and
participated in the transaction at the time of sale, but he expressly ratified the conveyance. 
Specifically, Lance ratified the conveyance by virtue of his involvement in the transaction between
Cummings and Martines, namely by cashing a $20,000 check and delivering the cash to Martines
as part of the transaction. Second, by his conduct in accepting, making use of, and enjoying the
benefits of the proceeds of the sale of the property, Lance approved of and ratified the deed to
Martines. And third, Lance has expressly ratified the deed to Martines in three ways: first, by
executing a Ratification, Waiver, and Release; second, by expressly stating in his affidavit that he
ratifies, confirms, and adopts the deed; and third, by executing a quitclaim deed conveying his
interest in the property to Martines, all of which are attached to the motion as summary judgment
evidence. Gillespie also argues that when Cummings filed for divorce, Lance left the ranch and
abandoned the homestead. The deed is therefore no longer inoperative, but rather is valid as if Lance
had originally joined in the conveyance. Cummings raised no fact issues as to any of these
arguments.

 The trial court correctly granted Gillespie's motion for summary judgment and declared that
(1) the deed from Cummings to Martines is valid, operative, and of full effect, and (2) the deed of
trust and lien in favor of Gillespie are valid. Accordingly, we overrule issue two. 


Remaining Issues

 In issues three, four and five, Cummings argues that the trial court abused its discretion when
it ordered the sale of the property, when it severed Gillespie's claim for foreclosure from the suit,
and when it granted Gillespie's no-evidence motion for summary judgment.

 In the order granting summary judgment, the trial court ordered the property to be sold
immediately at a sheriff's sale and the proceeds of the sale to be remitted to Gillespie. It made no
mention of Gillespie's counterclaims against Cummings (common law fraud, statutory fraud in a real
estate transaction, breach of contract, subrogation and attorney's fees) or Cummings' claims against
Martines and Gillespie (RICO against Martines & Gillespie; DTPA, usury, and failure of
consideration against Martines). Cummings filed a motion for new trial, wherein she pointed out
that the order was interlocutory. Gillespie then filed his Response to Motion for New Trial, Motion
for No-Evidence Summary Judgment and Motion to Sever. The trial court subsequently entered
another order wherein the no-evidence motion for summary judgment was granted and a severance
was ordered.

 Gillespie argued in his no-evidence motion for summary judgment that since the trial court
found that the underlying transaction was valid, there could be no RICO violation. He further
asserted that since the orders granting Gillespie's motions for summary judgment had the effect of
rendering final judgment on all claims asserted by Cummings against Gillespie, the court should
sever Cummings' claims against Gillespie from her claims against Martines so that Gillespie's
judgment could become final. 

 Cummings argues on appeal that the trial court ordered the property to be sold "immediately"
in the interlocutory first order, thus prematurely issuing execution of judgment. (1) She cites no
authority that we must, as a consequence, void the judgment because of the court's use of the word
"immediately." Additionally, she fails to show the date of actual sale of the property, or how the use
of "immediately" in the judgment caused her injury. Also, Cummings took no steps to object to a
sale nor enjoin or restrain any sale, nor did she post a bond. Accordingly, we overrule issue three.

 Cummings complains that the trial court erred when it granted the no-evidence motion
because (1) Gillespie did not provide Cummings twenty-one days written notice of the hearing on
the motion (see Tex. R. Civ. P. 166a(c)); and (2) the motion did not include the fact that a hearing
had been set, nor did it give the date and time for the hearing. It is undisputed that Gillespie did not
give Cummings the statutorily required notice. Gillespie filed his motion on October 30, 2000 and
the trial court granted it on November 7, 2000. 

 If a party has not received twenty-one days notice of a hearing on the motion as required
under Tex. R. Civ. P. 166a(c), he must complain about it to the trial court. See Negrini v. Beale, 822
S.W.2d 822, 823 (Tex. App.- Houston [14th Dist.] 1992, no writ). In general, a party must raise the
failure to provide the twenty-one-day notice of the hearing in a motion for new trial and must show
harm. Tivoli Corp. v. Jewelers Mut. Ins. Co., 932 S.W.2d 704, 710 (Tex. App.- San Antonio 1996,
writ denied). Also, where the party fails to complain by requesting additional time, he effectively
waives any objection as to improper or untimely notice. Negrini, 822 S.W.2d at 823. In the case
before us, Cummings did not object to her untimely notice, she did not request a continuance to
respond to the motion, nor did she file a motion for new trial. In failing to do so, Cummings waived
her right to complain of inadequate notice and the trial court consequently did not err in granting
Gillespie's summary judgment. Accordingly, we overrule Cummings' issue five. 

 Cummings also asserts that the trial court abused its discretion when it ordered severance,
since Gillespie's original motion for summary judgment did not address all of Cummings' claims
against Gillespie, and did not address the damages that Gillespie sought against Cummings or
Martines. Cummings failed to preserve error on this issue, as well. We overrule issue four.

 We affirm the judgment of the trial court.




 LEONARD DAVIS 

 Chief Justice



Opinion delivered March 20, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.











(DO NOT PUBLISH)
1. A writ of execution will not issue until after a final and appealable judgment is signed.