**Affirmed and Memorandum Opinion filed October 15, 2019.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-17-00609-CV**

**SCARLETT YARBOROUGH, Appellant**

**V.**

**VITROLA BAR, INC., PETE MITCHELL, AND VERA MITCHELL,
Appellees**

**On Appeal from the 189th District Court
Harris County, Texas
Trial Court Cause No. 2015-32911**

## MEMORANDUM OPINION

Appellee Vitrola Bar, Inc., a commercial tenant, sued its landlord Scarlett Yarborough for breach of contract, alleging that Yarborough wrongfully withheld its security deposit. Yarborough filed counter and cross claims against Vitrola Bar as well as the owners of the bar, appellees Pete Mitchell and Vera Mitchell, for damages to the leased building, in an amount in excess of the security deposit. The trial court granted summary judgment in favor of appellees. We affirm.

## I.    Background

Vitrola Bar leased a commercial property from Yarborough for five years to operate Leon's Lounge, a bar located at 1006 McGowen in Houston, Texas. Vitrola Bar paid Yarborough a security deposit in the amount of $11,400.00. At the conclusion of the lease, Vitrola Bar vacated the property and requested a return of its security deposit. A dispute arose between the parties related to the security deposit and alleged damages to the premises.

On June 9, 2015, Vitrola Bar filed suit against Yarborough for wrongful withholding of the security deposit and breach of contract on a commercial lease. Yarborough filed an answer and counter and cross claims for alleged damages to the building in excess of the security deposit. Yarborough filed her Fourth Amended Counterclaim and Cross Action alleging breach of contract, defamation, conversion and intentional infliction of emotional distress against Vitrola Bar and defamation, conversion and intentional infliction of emotional distress against Pete Mitchell and Vera Mitchell.

On October 3, 2016, appellees filed a Traditional and No-Evidence Motion for Summary Judgment limited to Yarborough's counterclaims and cross-claims. Notices were sent for hearings on the Motion for Summary Judgment for October 21, 2016, November11, 2016 and November 18, 2016. On November 28, 2016, appellees filed a "Third Amended Notice of Oral Hearing on Vitrola Bar, Inc. and Pete and Vera Mitchell's No Evidence and Traditional Motion for Summary Judgment and Motion to Exclude Duane Bradley" and set a hearing for January 6, 2016. Appellees contend this was a typographical error and the hearing notice should have stated January 6, 2017.

On December 16, 2016, appellees filed an Amended No Evidence and Traditional Motion for Summary Judgment that sought judgment on appellant's

2

claims (*i.e.*, defamation, conversion, breach of contract, and intentional infliction of emotional distress) as well as summary judgment on appellee Vitrola Bar's claim for breach of contract against Yarborough and an award of attorney's fees. The notice for hearing filed on December 16, 2016 again stated a hearing date of January 6, 2016—according to appellees, a typographical error that should have indicated January 6, 2017.

A hearing was held on January 6, 2017, which was twenty-one days from the December 16, 2016, filings. According to appellees, Yarborough and her counsel were present at the hearing, and affirmatively argued the merits of her response to the motions. Appellees assert the trial court considered all of the summary judgment evidence on file, including argument and evidence related to appellees' attorney's fees. Appellees maintain the trial court took the motions under advisement and ordered the parties to confer regarding settlement pending a ruling on summary judgment. Appellant contends that the only motion heard by the trial court on January 6, 2017, was her Motion to Strike. Appellant argues that there is no evidence in the Clerk's Record, the Court's Electronic Docket Sheet, or the Court Activity Inquiry Screen that there was a January 6, 2017, hearing or submission related to appellees' Motion for Summary Judgment or Amended Motion for Summary Judgment. There is no reporter's record in this case.

After the hearing, both parties filed supplemental briefing related to the amended motion for summary judgment. Yarborough filed additional affidavits in support of her Response to the Motion for Summary Judgment. Appellees filed a Supplemental Brief to the Amended Motion for Summary Judgment, updating the attorney's fees expended. On June 15, 2017, Perry Bass filed his Second Motion to Withdraw as Yarborough's counsel, noting therein that the pending Motions for Summary Judgment "had not been reset for hearing."

On June 26, 2017, the trial court granted Yarborough's counsel's (Bass) Motion to Withdraw and, on the same date, granted appellees' Amended Motion for Summary Judgment. The court awarded appellees actual damages in the amount of $11,400, reasonable and necessary attorney's fees of $106,068.32, and pre- and post-judgment interest. This appeal followed.

## II.    Analysis

Yarborough asserts three issues on appeal, claiming the trial court erred by: (1) "ruling on Summary Judgment when there was no applicable Notice of Hearing and immediately after granting a Motion to Withdraw to Appellant's counsel;" (2) "granting Summary Judgment because the evidence raised a genuine issue of material fact;" and (3) "awarding attorney's fees as part of its Summary Judgment."

### A.    Notice of Hearing

In her first issue, Yarborough argues that the trial court erred in granting appellees' amended motion for summary judgment without notice of a hearing. Similarly, in her third issue, Yarborough maintains that the trial court's award of attorney's fees to appellee was in error because no hearing was conducted on appellees' amended motion for summary judgment and the trial court relied on supplemental evidence without a hearing being set. Yarborough further argues that the trial court erred in awarding fees because the attorney fee evidence was not segregated by client or by cause of action.

Yarborough acknowledges that on December 16, 2016, appellees filed a notice of oral hearing on appellees' amended motion for summary judgment, which set the hearing date of "January 6, 2016." Yarborough argues that "[s]ince such date had passed prior to the filing of any Motion for Summary Judgment or

4

Notice of Hearing, such a hearing date was an impossibility." Yarborough maintains that a hearing did take place on January 6, 2017, but only as to Yarborough's motion to strike the jury trial setting. Yarborough contends that there is "no evidence of a hearing on any Motion for Summary Judgment in the Clerk's Record, the Court's Electronic Docket Sheet, or the Court Activity Inquiry Screen that there was a January 6, 2017 hearing or submission related to either the Motion for Summary Judgment or the Amended Motion for Summary Judgment."[1]

Appellees argue that a hearing on the amended summary judgment motion took place on January 6, 2017, with Yarborough's counsel participating and affirmatively arguing her response. Appellees contend no issue was raised as to the lack of hearing notice or the segregation of fees; appellees assert that Yarborough's claims have been waived and cannot be raised for the first time on appeal.

### 1. No reporter's record

Although the trial court held a hearing on January 6, 2017, our record does not contain any reporter's record. The lack of a reporter's record often strikes a fatal blow to the appeal, though there are a few exceptions to this rule. *See King's River Trail Ass'n, Inc. v. Pinehurst Trail Holdings, L.L.C.*, 447 S.W.3d 439, 449–51 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). One exception allows a court—without a reporter's record—to decide strict issues of law that do not require a review of the evidence. *See Segrest v. Segrest*, 649 S.W.2d 610, 611–12 (Tex. 1983). Another exception allows courts to decide appeals on a partial reporter's record under the procedures outlined in Texas Rule of Appellate

---

[1] In Yarborough's reply brief, Yarborough's counsel acknowledges that he "was not in the case at that time, and thus, must rely upon the Court's records. . . ."

5

Procedure 34.6. *See* Tex. R. App. P. 34.6(c). Neither exception applies to this appeal.

Even though Yarborough's issues require a review of the January 6, 2017, hearing and evidence presented, appellant did not invoke the partial-record-appeal procedures outlined in Rule 34.6(c). The record does not contain any written request by Yarborough for a partial reporter's record, nor does the record reflect that Yarborough submitted a statement of points or issues to be presented on appeal, as required by Rule 34.6(c). *See* Tex. R. App. P. 34.6(c); *Bennett v. Cochran*, 96 S.W.3d 227, 229–30 (Tex. 2002) (per curiam). We do not have a record of the evidence presented at the hearing. When, as here, an appellant completely fails to file a statement of points or issues, we must presume that the omitted portions of the record are relevant to the disposition of the appeal and that they support the trial court's judgment. *See Bennett*, 96 S.W.3d at 229–30; *King's River Trail Ass'n, Inc.*, 447 S.W.3d at 449.

The judgment states that the court considered appellees' Amended No Evidence and Traditional Motion for Summary Judgment, the response, the reply, the evidence, and argument of counsel. In the absence of a reporter's record, we must presume that on January 6, 2017, the trial court heard appellees' amended no evidence and traditional motion for summary judgment, including appellee's request for attorney's fees, and Yarborough's response to the motion for summary judgment, as stated in the judgment. Thereafter, the trial court took the amended motion under advisement. Because the issues before the court also included appellees' request for attorney's fees, we also presume the court considered that evidence and any controverting evidence appellant presented. Such presumptions support the trial court's judgment in this matter. *See King's River Trail Ass'n, Inc.*, 447 S.W.3d at 449.

## 2. Waiver

In the summary judgment context, Rule 166a(c) requires "except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing." Tex. R. Civ. P. 166a(c). A party, however, waives a challenge to the lack of 21 days' notice, when the party received notice of the hearing, appeared at the hearing, filed no controverting affidavit, and did not object to the lack of 21 days' notice and did not ask for a continuance. *Negrini v. Beale*, 822 S.W.2d 822, 823 (Tex. App.—Houston [14th Dist.] 1992, no writ) (citations omitted). Such is the case here. Yarborough has waived any error to the extent she claims she lacked sufficient notice of the hearing.[2] Yarborough seeks to raise this issue for the first time on appeal, which, as set forth below, is prohibited.

As set forth above, no record was made of the hearing on January 6, 2017. We must presume that a record of the hearing would have supported the trial court's award on summary judgment. *See Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 251 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) ("where there is neither a reporter's record nor findings of fact, the appellate court will assume the trial court heard sufficient evidence to make all the necessary findings needed to support its judgment"). Thus, contrary to Yarborough's argument, we presume that on January 6, 2017, the trial court heard argument from counsel on the amended motion for summary judgment and on the request for attorney's fees. While a ruling on the amended motion for summary judgment remained pending, both parties submitted supplemental briefs and evidence in support of their positions. Without having any further hearings, on

---

[2] Appellees' amended motion for summary judgment and notice of hearing for the same were both filed on December 16, 2016. The hearing was held twenty-one days later on January 6, 2017.

7

June 26, 2017, the trial court granted appellees' amended motion for summary judgment against Yarborough. Yarborough presents no authority for her position that a subsequent hearing was required or necessary for the court to rule on the pending motion.

At no time did Yarborough file a motion for continuance or any other motion seeking additional time in which to respond to appellees' amended motion for summary judgment or request for attorney's fees. Similarly, Yarborough did not make any objections regarding insufficient notice or file an affidavit in opposition to an improper hearing. Because we presume Yarborough participated in the summary judgment hearing on January 6, 2017, and failed to apprise the trial court of her complaints, Yarborough waived any objection as to inadequate hearing notice as to appellees' alleged failure to segregate attorney's fees; she cannot raise these claims for the first time on appeal. *Negrini,* 822 S.W.2d at 823 ("a party waives challenge to summary judgment without receiving 21 days' notice, where the party received notice of the hearing, appeared at it, filed no controverting affidavit, and did not ask for a continuance"); *Cullins v. Foster*, 171 S.W.3d 521, 535-36 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (failure to object to segregation of attorney's fees mandates waiver).

Accordingly, we overrule Yarborough's first and third issues.

## B.     Summary judgment

In her second issue, Yarborough claims the trial court erred in granting appellees' amended no evidence and traditional motion for summary judgment on Yarborough's counter and cross claims against appellees and on Vitrola Bar's affirmative breach of contract claim against her.[3] Yarborough contends fact issues

---

[3] Yarborough contends that since the attorney's fee award was tied to the breach of contract claim, it was made in error, as well. As set forth above, however, this argument has

8

precluded summary judgment on her breach of contract and conversion claims. By not addressing them in her brief, Yarborough waived any complaint of the trial court's ruling as to her claims for defamation or intentional infliction of emotional distress. Accordingly, the trial court's judgment is affirmed as to Yarborough's defamation and intentional infliction of emotional distress claims.

After setting forth the appropriate standard of review, we address each summary judgment ground in turn.

### 1. Standard of review

"When a party moves for both traditional and no-evidence summary judgments, we first consider the no-evidence motion." *First United Pentecostal Church of Beaumont, d/b/a The Anchor of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017) (citing *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004)). "To defeat a no-evidence motion, the non-movant must produce evidence raising a genuine issue of material fact as to the challenged elements." *Parker*, 514 S.W.3d at 220 (citing *Ridgway*, 135 S.W.3d at 600). "If the non-movant fails to meet its burden under the no-evidence motion, there is no need to address the challenge to the traditional motion, as it necessarily fails." *Id*. (citing *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013)). "Thus, we first review each claim under the no-evidence standard." *Id*. Any claims that survive the no-evidence review will then be reviewed under the traditional standard. *Id*. at 219–220.

A party moving for traditional summary judgment meets its burden by proving that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). "A genuine issue of material fact

---

been waived.

exists if the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Parker*, 514 S.W.3d at 220 (internal quotations omitted). The evidence does not create an issue of material fact if it is "so weak as to do no more than create a mere surmise or suspicion" that the fact exists. *Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 875 (Tex. 2014) (quoting *Ridgway*, 135 S.W.3d at 601).

## 2. Summary judgment on appellee Vitrola Bar's claim for breach of contract

In her brief, Yarborough asserts that the "pleadings and exhibits produced by Appellant and Appellees raised a genuine issue of fact that would preclude Summary Judgment related to Vitrola Bar's affirmative Breach of Contract claim against her."

### a. Breach of contract

In the trial court, appellee Vitrola Bar filed a traditional motion for summary judgment as to its breach of contract claim against Yarborough. A breach of contract claim requires four elements be proven: (1) the existence of a valid contract, (2) performance or tendered performance by Vitrola Bar, (3) breach of the contract by Yarborough, and (4) damages sustained by Vitrola Bar because of the breach. *See Mays v. Pierce*, 203 S.W.3d 564, 575 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

Yarborough maintains Vitrola Bar failed to establish the last three elements of its breach of contract claim and the trial court, therefore, erred in granting Vitrola Bar's motion for summary judgment on its breach of contract claim.

10

### b. Vitrola Bar proved each element necessary to establish breach of contract

The existence of a valid contract is not in dispute. Vitrola Bar alleged that it tendered performance under the lease by performing its lease obligations and making the rental payments. Vitrola Bar pled in its First Amended Petition that "all conditions precedent to enforcement of the contract by [Vitrola Bar] have been performed or have occurred." Because Vitrola Bar pleaded that all conditions precedent had been performed, Vitrola Bar was required to prove only the conditions precedent that Yarborough specifically denied. *See* Tex. R. Civ. P. 54. In her answer, Yarborough did not deny generally or specifically that Vitrola Bar failed to perform any specific alleged condition precedent. Rule 54 requires the opposing party to specifically deny which conditions precedent have not been performed or have not occurred. *See* Tex. R. Civ. P. 54. To require the pleading party to prove an alleged condition precedent, the opposing party must specify in its denial the conditions precedent that allegedly have not been satisfied; it is not sufficient to simply deny that all conditions precedent have been satisfied, even if the word "specifically" is included in the denial. *See* Tex. R. Civ. P. 54; *Wade and Sons, Inc.*, 127 S.W.3d at 825–26. Because they did not specify in their denials any conditions precedent that allegedly had not been satisfied, Yarborough waived her right to complain on appeal about any alleged failure to satisfy conditions precedent. *See* Tex. R. Civ. P. 54; *Wade and Sons, Inc.*, 127 S.W.3d at 825–26. Thus, Vitrola Bar established the second element of its breach-of-contract claim.

As to the third element, breach, the lease requires that the "Security Deposit shall be returned by the Landlord to Tenant upon termination of this Lease." It is undisputed that appellant did not return appellee's security deposit. If Vitrola Bar damaged the property, as alleged by Yarborough, then Yarborough, as landlord, must give notice and an itemized deduction list to Vitrola Bar, the tenant, prior to

deducting damages from the deposit. *See* Tex. Prop. Code § 92.109(b). A landlord who does not comply with this statute breaches the lease. A landlord has the statutory burden to prove that retention of a tenant's security deposit was reasonable. Tex. Prop. Code § 92.109(c) ("In an action brought by a tenant under this subchapter, the landlord has the burden of proving that the retention of any portion of the security deposit was reasonable.); *see Pulley v. Milberger*, 198 S.W.3d 418, 431 (Tex. App.—Dallas 2006, pet. denied); *see also Finlay v. Blanton*, No. 01-1400764-CV, 2015 WL 9311451, at *2-3 (Tex. App.—Houston [1st Dist.] Dec. 22, 2015, no pet.) (court of appeals overruled the decision of trial court, stating that landlord did not have a right to withhold the security deposit without providing an accurate itemized deduction).

Here, after the lease ended, Vitrola Bar requested the return of its security deposit from Yarborough pursuant to the terms of the lease. After months passed by and Yarborough did not return the security deposit, Vitrola Bar filed this lawsuit demanding the deposit. After the lawsuit was filed, Yarborough claimed $25,430 in damages to the leased premises. Eight months later, she claimed another $73,773.78 in damages to the premises. Yarborough maintains that repairs to the bar exceeded the security deposit. Yarborough's alleged accounting for damages, however, is untimely. *See* Tex. Prop. Code § 93.011(d). If a landlord could account for deductions after the 60 day deadline, then the 60 day deadline would be meaningless. *See id.*; *see also City of Dallas v. TCI W. End, Inc.*, 463 S.W.3d 53, 55 (Tex. 2015) (the courts "must avoid adopting an interpretation that 'renders any part of the statute meaningless'"); *see also Texas Adjutant Gen.'s Office v. Ngakoue*, 408 S.W.3d 350, 354 (Tex. 2013). The accounting came over a year after Vitrola Bar vacated and provided notice of its forwarding address.

Moreover, on her untimely "itemization" Yarborough fails to distinguish between alleged damages from basic repairs and alleged renovations to upgrade the property. In fact, Duane Bradley, Yarborough's own expert witness, testified in his deposition that the late deductions of $73,773.78 were part of the 2015 remodel to change the aesthetic appearance of the bar and not to remedy any alleged damages by Vitrola Bar. Thus, as set forth by Bradley, these late deductions are speculation/not-segregated and therefore non-recoverable. *Peterson Group, Inc. v. PLTQ Lotus Group, L.P.*, 417 S.W.3d 46, 64 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (speculative damages are not recoverable); *see Travelers Pers. Sec. Ins. Co. v. McClelland*, 189 S.W.3d 846, 851 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (placing a duty to segregate between covered and non-covered losses on the insured). As such, Yarborough's alleged itemization of damages to the property does not create a genuine issue of material fact.

Finally, as to Vitrola Bar's damages, the trial court calculated appellee's damages based on the security deposit—$11,400.00. There is no dispute that Vitrola Bar paid the deposit to Yarborough and that Yarborough did not return the security deposit. Thus, the trial court properly awarded Vitrola Bar its summary judgment damages in the amount of $11,400.00.

Accordingly, the trial court did not err in granting Vitrola summary judgment on its breach of contract claim against Yarborough. This issue is overruled.

### 3. Summary judgment on Yarborough's counter and cross claims
#### a. Cross claims against Pete and Vera Mitchell

It is undisputed that Yarborough leased Leon's Lounge to Vitrola Bar. This lease is the contract on which Yarborough sued Vitrola Bar and Pete and Vera Mitchell. Appellees argued in their amended no evidence and traditional motion

13

for summary judgment that Yarborough's breach of contract claim against all parties fails. Appellees maintained that Pete and Vera Mitchell cannot be sued under this contract as a matter of law because Yarborough and Vitrola Bar are the only parties to this contract. On appeal, however, Yarborough contends there is a question of fact as to whether Vera Mitchell and Pete Mitchell signed the lease as corporate agents for Vitrola Bar. We need not decide this contention because we conclude, as set forth below, the trial court properly found Yarborough's breach of contract claims fail.

### b. Counterclaim for breach of contract against Vitrola Bar

In her Fourth Amended Petition, Yarborough contends that Vitrola Bar breached the lease agreement. Specifically, Yarborough maintains that Vitrola Bar made alterations or improvements without written consent of the landlord in violation of section 10.1 of the lease. Yarborough also claims that Vitrola Bar violated section 10.2 of the lease, which requires construction and removal work to be performed in a good and workmanlike manner. Yarborough claims that there was damage to the leased property in excess of the amount of Vitrola Bar's security deposit.

To the extent Yarborough argues her breach of contract claims are based on "alterations or improvements" to the bar without her consent, Vitrola Bar contends Yarborough waived these claims by engaging in intentional conduct inconsistent with claiming these breaches. *In re Gen. Elec. Capital Corp.*, 203 S.W.3d 314, 316 (Tex. 2006) ("Waiver is the intentional relinquishment of a right actually known, or intentional conduct inconsistent with claiming that right").

Vitrola Bar maintains that it spent thousands of dollars, and about a year of work, fixing up the bar and getting it ready for business. "On opening night, Scarlett Yarborough came into the bar, surveyed the renovations, and personally

delivered to [Vera Mitchell] a beautiful arrangement of flowers in a heavy, tall, glass vase, with a lovely handwritten note nestled in the flowers . . . . She was very happy." The "lovely handwritten note" touchingly thanked appellees "for making Leon's the way it's meant to be." Vitrola Bar argues that Yarborough otherwise waived the right to challenge the improvements/fixes that Vitrola Bar made to the property, by approving them, by buying flowers/thanking Vera Mitchell or by remaining silent about the improvements/fixes. Because Yarborough failed to prove any breach of the contract, the trial court did not err in granting appellees' summary judgment.

### c. Counterclaim for conversion against Vitrola Bar

In her Fourth Amended Petition, Yarborough's conversion claim consists of Yarborough's assertion that Vitrola Bar took the following: a 22 foot shuffleboard table with related equipment; 42 x 18 antique mirrors on side and back walls; and an exterior planter box.

A claim for conversion requires Yarborough to prove the following: (1) she owned or had legal possession of the property or entitlement to possession; (2) Vitrola Bar unlawfully and without authorization assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with, Yarborough's right as owner; (3) Yarborough demanded return of the property; and (4) Vitrola Bar refused to return the property. *Burns v. Rochon*, 190 S.W.3d 263, 268 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Vitrola Bar claims Yarborough is unable to prove ownership of the 42 x 18 mirrors on side and back walls and the exterior planter box. Next, Vitrola Bar claims that Yarborough's claim is barred by the "contort doctrine" because Vitrola Bar stored these items in conformance with the lease terms and, thus, Vitrola Bar fulfilled its contractual duty. *See G.T. Leach Builder, LLC v. Sapphire V.P., LP*,

458 S.W.3d 502, 530 (Tex. 2015) (citing *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 495 (Tex. 1991) (no tort cause of action when duty arises from the contract)). As the Supreme Court explained, the "economic loss" rule (sometimes referred to as the law of "contorts") is a complex legal doctrine in which a party's tort claims sound in contract, not tort. *See id*.

Indeed, Vitrola Bar has shown that after the lease was signed, Vitrola Bar removed items from the bar in order to operate it.[4] The lease required Vitrola Bar to store these items, including those that form the basis of Yarborough's conversion claim, for one year after removal. Vitrola Bar stored these items and Yarborough made no demand for their return until more than a year after removal and storage. Because Vitrola Bar complied with its contractual duties under the lease, Yarborough may not now sue for breach of a tort duty under conversion. *See SW. Bell Tel. Co.*, 809 S.W.2d at 495.

Accordingly, the trial court did not err in granting appellees' summary judgment on Yarborough's claims against them. For the foregoing reasons, Yarborough's second issue is overruled.

### III.   Conclusion

The judgment of the trial court is affirmed.

/s/      Margaret "Meg" Poissant
Justice

Panel consists of Justices Wise, Jewell, and Poissant.

---

[4] Appellee Vitrola Bar denies the existence of the antique mirrors and exterior planter.