**Affirmed and Majority and Concurring Opinions filed October 15, 2020.**



In The

# Fourteenth Court of Appeals

NO. 14-19-00361-CV
NO. 14-19-00362-CV

**JOHN EMMANUEL D/B/A FIRST AMERICO AUTO SALE & REPAIR,**
**Appellant**

**V.**

**ABIGAIL IZOUKUMOR, Appellee**

**On Appeal from the 98th District Court**
**Travis County, Texas**
**Trial Court Cause Nos. D-1-GN-18-007239 & D-1-GN-17-006205**

## MAJORITY OPINION

These appeals are brought by appellant John Emmanuel from a final judgment in favor of appellee Abigail Izoukumor and a separate final judgment in the form of an order granting Izoukumor's motion to dismiss Emmanuel's claims.[1] We affirm.

---

[1] The Supreme Court of Texas ordered the Court of Appeals for the Third District of

According to Izoukumor, she paid Emmanuel $1,800 as a deposit to purchase a Honda Accord, after Emmanuel repaired it. Emmanuel gave Izoukumor a receipt, dated March 27, 2017, for the deposit. The receipt reflected a balance remained of $500 and stated the car would be ready on April 27, 2017. The car was not repaired, and Emmanuel refused to return the deposit. On November 13, 2018, Izoukumor filed suit (trial court cause number D-1-GN-17-006205, appellate case number 14-19-00362-CV) against Emmanuel asserting: (1) Deceptive Trade Practices-Consumer Protection Act (DTPA)[2] violations; (2) breach of contract; (3) promissory estoppel; (4) money had and received; (5) conversion; (6) fraud; (7) theft of property; (8) breach of express warranty; (9) negligent misrepresentation; and (10) negligence, seeking exemplary damages for gross negligence (the "Izoukumor Lawsuit").

On April 13, 2018, Izoukumor moved for partial summary judgment on her claims for DTPA violations and breach of contract. A hearing was held May 15, 2018. The partial summary judgment was granted in an order signed May 30, 2018. The trial court awarded Izoukumor economic damages in the amount of $1,800, damages in the amount of $3,600 under DTPA section 17.50 (allowing up to treble damages), reasonable and necessary attorney's fees and costs in the amount of $10,000, and post-judgment interest. On October 5, 2018, Emmanuel filed a "Motion to Reopen/New Trial."

---

Texas to transfer these cases (Nos. 03-19-00177-CV & 03-19-00178-CV) to this court. Misc. Docket No. 19-9022 (Tex. Mar. 26, 2019), *see* Tex. Gov't Code Ann. §§ 73.001, .002. Because of the transfer, we decide the case in accordance with the precedent of the transferor court under principles of stare decisis if our decision otherwise would have been inconsistent with the transferor court's precedent. *See* Tex. R. App. P. 41.3.

[2] Tex. Bus. & Com. Code Ann. §§ 17.41-.63.

On December 6, 2018, Emmanuel filed suit (trial court cause number D-1-GN-18-007239, appellate case number 14-19-00361-CV) against Izoukumor for $3,600—the cost of parking her car on his lot for twelve months at $10 a day (the "Emmanuel Lawsuit"). On January 4, 2019, Izoukumor moved to dismiss Emmanuel's Lawsuit under Texas Rule of Civil Procedure 91a on the grounds the petition had no basis in law or fact and under the doctrine of res judicata.

A hearing was held on Emmanuel's "Motion to Reopen/New Trial" on March 6, 2019. On March 8, 2019, the trial court denied the motion by written order. That order became final on March 26, 2019, when the trial court granted Izoukumor's motion to voluntarily dismiss her remaining claims against Emmanuel and signed a judgment containing language of finality in trial court cause number D-1-GN-17-006205, appellate number 14-19-00362-CV.

That same day, the trial court granted Izoukumor's motion and dismissed Emmanuel's claims with prejudice in trial court cause number D-1-GN-18-007239, appellate number 14-19-00361-CV. Both are now before this court.

## ISSUES

### *The Izoukumor Lawsuit*

Emmanuel first contends the trial court erred in granting Izoukumor's motion for no-evidence summary judgment based on "default judgment." Emmanuel asserts that he was not served with the motion for summary judgment and there was no evidence of service. We construe this as a complaint that Emmanuel did not receive notice of the motion for summary judgment. "If a party receives notice that is untimely, but sufficient to enable to the party to attend the summary judgment hearing, the party must file a motion for continuance or raise the complaint of late notice in writing, supported by affidavit evidence, and raise

the issue before the trial court during the summary judgment hearing." *Buholtz v. Field*, No. 03-17-00232-CV, 2018 WL 700058, at *2 (Tex. App.—Austin Jan. 31, 2018, pet. denied) (mem. op.); Tex. R. Civ. P. 251 (continuance); Tex. R. App. P. 33.1(a) (preservation of error).

The record of the hearing held March 6, 2019, on Emmanuel's "Motion to Reopen/New Trial" reflects that Emmanuel appeared at the summary-judgment hearing held May 15, 2018. Thus, Emmanuel received sufficient notice to enable him to attend the summary-judgment hearing. The record does not reflect Emmanuel filed a motion for continuance or raised a complaint of late notice in writing, supported by affidavit evidence. *See Buholtz*, 2018 WL 700058, at *2; Tex. R. Civ. P. 251. There is no record of the summary-judgment hearing, so the record does not demonstrate that Emmanuel raised the issue before the trial court at the summary-judgment hearing.

The March 6, 2019 hearing does reflect that Emmanuel was given an additional two weeks to respond to the motion for summary judgment. To the extent this extension suggests Emmanuel raised the issue, Emmanuel was granted relief.

Emmanuel did not file a response to the summary-judgment motion. On May 29, 2018, Emmanuel filed a request for additional time, but it was not supported by affidavit. *See Buholtz*, 2018 WL 700058, at *2. The record does not reflect the request was presented to the trial court or that the trial court ruled on it. The trial court rendered summary-judgment in favor of Izoukumor the next day. Emmanuel subsequently filed a "Motion to Reopen/New Trial," but a complaint of late notice of a hearing is not preserved by a motion filed after the summary-judgment hearing. *See Buholtz*, 2018 WL 700058, at *3.

We conclude that Emmanuel has not preserved a complaint for appellate review on the issue of timely notice of the motion for summary judgment. *See* Tex. R. App. P. 33.1(a).[3] Emmanuel did not make such a complaint in the trial court in writing. Even if Emmanuel did raise the issue at the hearing, he was granted relief. Emmanuel's written request for more time was unsupported by affidavit evidence and he did not obtain a ruling in the trial court. Accordingly, Emmanuel's first issue is overruled.[4]

In his third issue, Emmanuel claims the trial court's judgment in the Izoukumor Lawsuit violates the Eighth and Fourteenth Amendments to the United States Constitution and an unspecified portion of the Texas Constitution because it is excessive. As noted above, Izoukumor was awarded $1,800 in actual damages, which was the amount she paid Emmanuel to fix and purchase the car. *See* Tex. Bus. & Com. Code Ann. § 17.50(b)(1) (providing that consumer who prevails on DTPA claim may obtain economic damages). Izoukumor was also awarded $3,600 under DTPA section 17.50 (allowing up to treble damages) on the basis that Emmanuel acted knowingly. *See* Tex. Bus. & Com. Code Ann. § 17.50(b)(1) (plaintiff may recover up to three times its actual damages if trier of fact finds defendant violated DTPA "knowingly"). Finally, Izoukumor was awarded

---

[3] *See also Fertic v. Spencer*, 247 S.W.3d at 248 & n.4 (Tex. App.—El Paso 2007, pet. denied); *May v. Nacogdoches Mem'l Hosp.*, 61 S.W.3d 623, 626 (Tex. App.—Tyler 2001, no pet.) (concluding that nonmovant waived notice issue when she participated in hearing, but failed to object in writing prior to hearing); *Negrini v. Beale*, 822 S.W.2d 822, 823 (Tex. App.—Houston [14th Dist.] 1992, no writ) (stating that nonmovant waived complaint concerning 21-day notice requirement when nonmovant received notice of hearing, appeared at hearing, filed no controverting affidavit, and did not file motion for continuance).

[4] To the extent Emmanuel's complaint could be construed as one of no notice of the summary-judgment motion or hearing, despite his appearance at the hearing, we agree with the concurrence that the trial court did not abuse its discretion by denying Emmanuel's "Motion to Reopen/New Trial" on that ground.

reasonable and necessary attorney's fees in the amount of $10,000. *See* Tex. Bus. & Com. Code Ann. § 17.50(d); Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8).

In his motion for new trial, Emmanuel complained the trial court erred in granting $3,600 in damages and awarding attorney's fees of $10,000. However, Emmanuel did not assert those awards violated his constitutional rights. The record does not reflect Emmanuel presented his complaint on appeal to the trial court and the trial court ruled, or refused to rule, on the issue. Accordingly, nothing is presented for our review. *See* Tex. R. App. P. 33.1(a); *In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003) (observing that Supreme Court of the United States and Supreme Court of Texas have both held that even constitutional claims must be raised in trial court to preserve error). We overrule Emmanuel's third issue.

### *The Emmanuel Lawsuit*

In his second issue, Emmanuel claims the trial court erred by dismissing his claims against Izoukumor. In support of this claim, Emmanuel contends the trial court did not make any findings of fact.

Izoukumor moved to dismiss Emmanuel's claims as having no basis in law or fact. *See* Tex. R. Civ. P. 91a. When, as here, the trial court does not specify the ground on which it relied, a party appealing the grant of a motion to dismiss under Rule 91a must challenge every ground on which the trial court could have granted the motion. *See Shumway v. Whispering Hills of Comal Cty. Tex. Prop. Owners Ass'n, Inc.*, No. 03-15-00513-CV, 2016 WL 4429939, at *2 (Tex. App.—Austin Aug. 16, 2016, pet. denied) (mem. op.). Emmanuel does not contend the trial court could not have granted Izoukumor's motion to dismiss, which asserted Emmanuel's claims had no basis in law or were somehow precluded. Since Emmanuel has not challenged every ground upon which the trial court could have relied when granting the motion to dismiss, we must affirm the trial court's

decision. *See id.* (*Blizzard v. Select Portfolio Servicing*, No. 03-13-00716-CV, 2015 WL 5096710, at *4 (Tex. App.—Austin Aug. 27, 2015, no pet.) (mem. op.)). Issue two is overruled.

*Double-Jeopardy Claim*

Lastly, Emmanuel argues we should abate or suspend this proceeding until the criminal charges against him for theft of property have been resolved. He contends such action is necessary to protect his Fifth Amendment right against double jeopardy.

"Double jeopardy applies only to criminal cases." *Ex parte Watkins*, 73 S.W.3d 264, 267 (Tex. Crim. App. 2002). The pendency of a criminal matter does not impair a court's proceeding with a contemporaneous civil matter involving the same issues or parties. *Kugle v. DaimlerChrysler Corp.*, 88 S.W.3d 355, 362 (Tex. App.—San Antonio 2002, pet. denied); *see McCann v. Spencer Plantation Invs., Ltd.,* No. 01-16-00098-CV, 2017 WL 769895, at *6 (Tex. App.—Houston [1st Dist.] Feb. 28, 2017, pet. denied) (mem. op.) (declining to apply double-jeopardy doctrine in civil case); *Favaloro v. Comm'n for Lawyer Discipline*, 994 S.W.2d 815, 822 (Tex. App.–Dallas 1999, pet. stricken) (declining to apply double-jeopardy doctrine in civil case); *Underwood v. Bridewell*, 931 S.W.2d 645, 647–48 (Tex. App.—Waco 1996, orig. proceeding) (abuse of discretion to abate civil-forfeiture action until criminal prosecution completed); *McInnis v. State*, 618 S.W.2d 389, 392–93 (Tex. Civ. App.—Beaumont 1981, writ ref'd n.r.e.) (upholding trial court's refusal to continue civil disbarment case until final disposition of related criminal case). Emmanuel's fourth issue is overruled.

## CONCLUSION

The judgment of the trial court in trial court cause number D-1-GN-17-006205 is affirmed. The judgment of the trial court in trial court cause number D-1-GN-18-007239 is affirmed.

/s/     Charles A. Spain
         Justice

Panel consists of Chief Justice Frost and Justices Jewell and Spain (Frost, C.J., concurring).